# Court of Appeals
# of the State of Georgia

ATLANTA,  October 20, 2025

*The Court of Appeals hereby passes the following order:*

**A25A0794. KEEGAN LEONARD v. BYRON STANTON MOORE.**

Following the death of his mother, Rose Elaine Leonard, Keegan Leonard ("Leonard") filed a petition for temporary letters of administration in the probate court. The probate court appointed Leonard temporary administrator and issued temporary letters of administration. Almost immediately thereafter, Rose's brother, Byron Stanton Moore, filed both a caveat to Leonard's appointment and a petition to probate Rose's will in solemn form. The will nominated Moore as the executor; Moore thus sought to have the probate court's order appointing Leonard set aside and to have himself named as temporary administrator. On September 6, 2024, the probate court entered an order revoking Leonard's temporary letters of administration and appointing Moore as temporary administrator. Leonard appealed the ruling to the superior court, which dismissed the appeal under OCGA § 53-6-30 (c). Leonard then filed this appeal. For reasons that follow, we also find the appeal is subject to dismissal.

OCGA § 53-6-30 governs the issuance of temporary letters of administration. A probate court is authorized to grant such letters "at any time and without service or notice[.]" OCGA § 53-6-30 (a). Under subsection (b),

> [t]he probate court may appoint such person as temporary administrator as the court determines to be in the best interests of the estate. Pending an issue of devisavit vel non upon any paper propounded as a will that has not been admitted to probate in common form, the executor nominated in the purported will shall have preference in the appointment

of a temporary administrator.

Significantly, subsection (c) provides that "[t]here shall be no appeal from an order granting temporary letters of administration, either to the superior court under Chapter 3 of Title 5 or to the Supreme Court or the Court of Appeals."

Based on this provision, the superior court dismissed the appeal. Leonard argues this was erroneous because he was challenging the revocation of his testamentary letters rather than the issuance of letters to Moore. But we find this argument unavailing. "Under Georgia law, we construe orders according to their substance and function and not merely by nomenclature." *Harmon v. Progressive Premier Ins. Co. of Illinois*, 364 Ga. App. 809, 810 (874 SE2d 163) (2022) (citation and punctuation omitted). In issuing the September 6 order, the probate court was exercising its authority under OCGA § 53-6-30 to appoint a temporary administrator. Under these circumstances, OCGA § 53-6-30 (c) precludes any appeal from this order.[1] Accordingly, this appeal is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
*Clerk's Office, Atlanta,  10/20/2025*

   *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*

   *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ *, Clerk.*

---

[1] We note further that both parties have petitions to probate separate wills in solemn form pending in the probate court, as well as caveats against each other, rendering the issues raised in this appeal moot.